UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TOMMY SPAN,

    Plaintiff,

v.   Case No. 4:19cv263-WS-HTC

JULIE L. JONES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tommy Span initiated this action on June 4, 2019, by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF Doc. 1) and motion to proceed *in forma pauperis* (ECF Doc. 2). After reviewing Plaintiff's complaint and litigation history, the undersigned concludes Plaintiff's motion to proceed *in forma pauperis* should be denied and this case dismissed under 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Everglades Correctional Institution. In 1975, Plaintiff was convicted of second-degree murder and sentenced to life in prison with the possibility of parole. Although somewhat difficult to decipher, Plaintiff's complaint alleges: (1) the FDOC submitted a file to the parole commission in 1996 which

contained a July 2, 1975, "post-sentence investigation"; (2) the "post-sentence investigation" falsely indicated Plaintiff told a sheriff's deputy[1] that he would kill the deputy and anyone associated with his arrest; (3) the FDOC failed to investigate the veracity of the "post-sentence investigation"; and (4) relying on this false information, the parole commission denied Plaintiff parole in 1997. ECF Doc. 1 at 2-5. Plaintiff appears to seek $10,000,000 from Julie Jones, the former Secretary of the FDOC. ECF Doc. 1 at 1.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis*

---

[1] Plaintiff also alleges the sheriff's deputy violated his due process rights by not filing an arrest report.

Case No. 4:19cv263-WS-HTC

pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is a three-striker, as recognized by the United States District Court for the Northern District of Florida. *See Span v. Buss*, Case No. 4:11cv335-SPM-WCS, ECF Docs. 4, 6 (N.D. Fla. Aug. 10, 2011) (dismissing case pursuant to § 1915(g)'s three-strikes bar and identifying qualifying strikes).[2] All the qualifying dismissals were entered before Plaintiff's filing of this case.

As Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's allegations do not make that showing. Accepting the allegations of Plaintiff's complaint as true, they fail to make a colorable showing that he is in imminent danger of serious physical injury because they concern events that happened in the 1970s and 1990s. Because Plaintiff is

---

[2] *See Span v. Barders*, Case No. 5:10cv80-RAL-GRJ (M.D. Fla. Apr. 23, 2010) (case dismissed due to Plaintiff's abuse of the judicial process); *Span v. West*, Case No. 4:05cv63-RH-WCS (N.D. Fla. May 9, 2005) (case dismissed due to Plaintiff's failure to state a claim); *Span v. Straight*, Case No. 8:96cv1900-SCB (M.D. Fla. Sept. 30, 1996) (case dismissed as frivolous); *see also Span v. Barders*, Appeal No. 10-12204 (11th Cir. Dec. 2, 2010) (appeal dismissed as frivolous).

Case No. 4:19cv263-WS-HTC

barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this § 1983 action, this case should be dismissed under § 1915(g).

Plaintiff's complaint could also be interpreted as a challenge to his continued incarceration. To the extent it is, such a claim must be brought in a habeas corpus petition under 28 U.S.C. § 2254, not a civil rights complaint under 42 U.S.C § 1983. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."); *see also Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (holding state prisoner's challenge to parole decision is subject to § 2254's restrictions). Even if Plaintiff's complaint were treated as a habeas corpus petition, it would still be subject to dismissal. *See Hutcherson*, 468 F.3d at 755 ("Because Hutcherson's § 1983 complaint is the functional equivalent of a habeas corpus petition, we consider whether Hutcherson can satisfy the procedural and exhaustion requirements set forth in AEDPA.").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Case No. 4:19cv263-WS-HTC

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).

Here, Plaintiff's claim is not timely under any subsection of § 2244(d)(1). Plaintiff's state criminal judgment became final in the 1970s, Plaintiff does not allege state action prevented him from filing his claim and Plaintiff's claim is not based on a new constitutional right made retroactively applicable on collateral review. Furthermore, Plaintiff knew or should have known about the factual predicate of his claim—the parole commission's receipt of the sheriff's deputy's allegedly false statements regarding Plaintiff's threats—in 1997, over twenty (20) years before he filed the complaint in this case. Thus, even if Plaintiff's complaint is construed as a habeas petition, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED.

Case No. 4:19cv263-WS-HTC

2. That this case be DISMISSED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of June, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.